UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPEEDSHAPE, INC.,

                Plaintiff,

v.

CONNOR MEECHAN,

                Defendant.

_____/

Case No.  11-14670

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE LAURIE J. MICHAELSON

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO REMAND [4], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE [2]

Before the Court are Defendant's Motion to Dismiss for Improper Venue or to Transfer Venue [2], filed on October 31, 2011, and Plaintiff's Motion for Remand [4], filed on November 9, 2011. On December 19, 2011, the Magistrate Judge issued a Report and Recommendation [11] recommending that the court DENY both motions.  Defendant filed an Objection [12].

For the reasons stated below, the Report and Recommendation is ADOPTED IN PART. Plaintiff's Motion to Remand is DENIED.  Defendant's Motion to Dismiss is DENIED.  Defendant's Motion to Transfer Venue is GRANTED.

### Factual Background

The Magistrate Judge's Report and Recommendation lays out the facts of this case in a clear manner.  The court adopts these facts as the factual findings of the court.

**Objection**

Defendant objects only to the Magistrate Judge's finding that Defendant's Motion for Transfer of Venue should be denied. Defendant did not object to the portion of the Report and Recommendation finding that the Motion to Dismiss for Improper Venue should be denied.

**Standard of Review**

This Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo. See* 28 U.S.C. §636(b)(1)(C). Making some objections to a Magistrate Judge's Report and Recommendation, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006).

Defendant moves for transfer of venue pursuant to 28 U.S.C. § 1404(a). The court considers a number of factors under § 1404(a):

> To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties. *Int'l Show Car Ass'n v.* [*Amer. Soc. of Composers, Authors & Publishers*], 806 F.Supp. 1308, 1310 [(E.D. Mich. 1992)]; *In re Crash Disaster at Detroit Metropolitan Airport*, 737 F.Supp. 391, 393 (E.D.Mich.1989).

*Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994).

The court also considers the following list of non-exhaustive factors in assessing whether a transfer would serve the interest of justice and whether it would be convenient to witnesses and the parties:

2

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. *See Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000) (citing *Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656, 668 (E.D. Mich. 1996)). A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. *See Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F.Supp. 371, 377 (W.D. Mich. 1990).

## Analysis

It is undisputed that this action could have been brought in the United States District Court for the Central District of California. Defendant resides in said district, and as he is alleged to have engaged in the misappropriation of trade secrets and unfair competition, and is active professionally in the Central District of California, it can be assumed that the activities Defendant allegedly engaged in occurred in that District.     Thus, the court will focus on whether a transfer will serve the interests of justice, and whether a transfer is convenient for the witnesses and the parties.

## Convenience for Witnesses

Defendant asserts that a number of witnesses in this case are located in California. In particular, Defendants asserts that a number of former employees of Plaintiff who have knowledge

of the facts at issue in this case are located in California. In addition, Defendant asserts that witnesses involved with the Grey/Hess Project, as well as witnesses to other projects he worked on after leaving the employ of Plaintiff, can be found in California.

Plaintiff asserts that persons who had decision-making authority to hire Defendant in the Grey/Hess Project are located in New York, which is closer to Michigan than California. Plaintiff also asserts that a number of its own witnesses who can testify about the material Defendant is accused of using in violation of contract, are in Michigan.

It appears relatively undisputed that a large number of witnesses are present in California; specifically, most of those who can testify as to Defendant's past creative work for Plaintiff, as well as Defendant's current creative work. The presence of persons with decision-making authority to hire Defendant in the Grey/Hess Project in New York is of minor impact - the focus of this case does not appear to be the decision of Gray/Hess but rather the actions of Defendant. While the court credits Plaintiff's claim that its creative employees are located in Michigan, it seems likely that more witnesses are present in California. The court finds that this factor weighs in favor of a transfer of venue.

### Ease of Access to Sources of Proof

Defendant asserts that, as he has operated exclusively in California since leaving the employ of Plaintiff, and worked in California for most of the period when he did work for Plaintiff, any sources of proof with regard to unfair competition, misappropriation of trade secrets, or false advertising will be located in California. Plaintiffs argue that many of their own files that will be

4

sources of proof are located in Michigan, but that this factor is likely neutral given the ease by which most documents and files can be transferred electronically.

While Defendants files and proofs of the alleged misconduct may be found in California, Plaintiffs files are in Michigan, and reference to those files is necessary for a court to decide whether there has been misappropriation of trade secrets. Moreover, the ease of electronic transferring of files lessens the importance of this factor. The court finds that this factor does not weigh strongly either for or against transfer.

### Convenience of the Parties

Defendant asserts that, given his newfound business in California, venue in Michigan is highly inconvenient to him. He asserts that the Magistrate Judge placed too much weight on the forty-five days Defendant has spent in Michigan since 2008, noting that many of those days occurred while Defendant was still employed with Plaintiff, and that in 2011 Defendant spent only seven days in Michigan. Defendant also asserts that Plaintiff has offices in California and that executives of Plaintiff travel to California frequently to do business.

Plaintiff highlights the presence of Defendant's wife and home in Michigan as evidence of convenience for Defendant. Plaintiff also asserts that virtually all of its employees and witnesses reside in Michigan.

Both parties travel between Michigan and California. Both parties have interests in both states. Both parties are somewhat inconvenienced by the trial depending on its location. The court finds that this factor does not weigh strongly for or against transfer.

**Locus of Operative Facts**

Defendant asserts that the locus of operative facts is in California.  He asserts that all the work he performed for Plaintiff occurred in California, that his current work is in California, that his contract with Plaintiff was signed in California, and that he primarily interacted with Plaintiff's employees in California.  Plaintiff responds only that the "company assets misappropriated are stored in Michigan."  As noted above, however, the intellectual property allegedly copied is easily electronically transferable.

The court finds that the locus of operative facts in this case is clearly in California, and that this factor weighs heavily in favor of a transfer of venue.

**Availability of Process to Compel Unwilling Witnesses**

Defendant asserts that this factor favors transfer because of the large number of purported witnesses in California.  As Plaintiff notes, however, Defendant has not identified unwilling witnesses, other than witnesses on the Gray/Hess Project in New York.  It will be equally difficult to compel these witnesses from either Michigan or California.  As such, the court finds that this factor does not weigh strongly for or against transfer of venue.

**Relative Means of Parties**

Defendant asserts that his means are much less than that of Plaintiff, a successful company with offices in several cities.  In addition, Defendant's business depends almost entirely on his efforts.  As such, not only his means but the damage to his livelihood is relatively greater than that which will occur to Plaintiff.  Plaintiff counters that Defendant, with a home in Michigan, will have

a place to sleep and work during the course of this case, and that Plaintiff will have to pay for lodging for multiple witnesses and employees if venue is transferred to California.

Defendant, as an individual, clearly has less means than Plaintiff.  While Plaintiff may have greater expenses due to having to temporarily pay for the lodgings of some witness employees, this does not counteract their greater means.  As noted by other courts, "[t]here is authority that suggests consideration should also be given to the potential disruption of the defendant's business caused by the absence of its employees from the jurisdiction during the litigation." *Wayne Cty. Employees' Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 976 (E.D. Mich. 2009) (Lawson, J.) (citing *In re Nematron Corp. Secs. Litig.,* 30 F. Supp. 2d 397, 401 (S.D.N.Y.1998)).  The court finds that this factor weighs in favor of a transfer of venue.

### Forum's Familiarity with Governing Law

Defendant notes that the contract that is central to this case contains a choice-of-law provision which provides for the application of California law to disputes concerning the contract.  Plaintiff asserts that, nevertheless, if the venue for this case is Michigan, Michigan law will apply to 3 of the 4 counts, an argument that is disputed by Defendant.

It is undisputed that the California courts have more familiarity with California contract law. In addition, while it appears possible that Michigan law would apply to some of the counts were the venue to be in Michigan, if the venue is changed to California, California law would then apply. Plaintiff's argument that damage from the alleged misappropriation "occurred" in Michigan, because Plaintiff's company headquarters are in Michigan, is not persuasive.  The court finds that this factor favors a transfer of venue.

**Plaintiff's Choice of Forum**

Generally, as noted above, the courts will respect a plaintiff's choice of forum absent a showing by the defendant. However, this factor has been balanced against the inconvenience to defendants, particularly where a trial will cause disruption to a small business or livelihood of an individual. *See In re Nematron Corp. Secs. Litig.,* 30 F. Supp. 2d 397, 401 (S.D.N.Y. 1998). While Defendant's does not nullify this factor, it does lessen the weight of this factor in Plaintiff's favor. The court finds that this factor weighs against a transfer of venue.

**Efficiency & Interests of Justice**

The court generally assesses this factor using "a totality of the circumstances." Plaintiff asserts that, as this case has been pending in this court for several months, efficiency favors the case remaining in the Eastern District of Michigan. Defendant argues that a totality of the circumstances favors transfer to California.

The court first notes that there has been little substantive advancement of this case due to the conflict over remand to state court and transfer of venue. Thus, efficiency will not be greatly impacted by a transfer of venue at this stage.

In viewing the totality of circumstances, the factors are:

1. Convenience of witnesses. Courts have considered convenience of the witnesses to be "probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)." *MCNIC Oil & Gas Co. v. IBEX Resources Co.,* 23 F. Supp. 2d 729, 737 (E.D. Mich.1998).

8

This factor favors a transfer.

2. The location of relevant documents and relative ease of access to sources of proof.

Neutral.

3. The convenience of the parties.

Neutral.

4. The locus of the operative facts.

Strongly in favor of transfer.

5. The availability of process to compel the attendance of unwilling witnesses. Neutral.

6. The relative means of the parties.

In favor of transfer.

7. The forum's familiarity with the governing law.

In favor of transfer.

8. The weight accorded the plaintiff's choice of forum**.**

Weighing against transfer.

The totality of the circumstances thus favor a transfer of venue.

**Conclusion**

The Court having reviewed the record in this case, the Opinion and Order of the Magistrate Judge is hereby **ADOPTED IN PART**.  Plaintiff's Motion to Remand [4] is **DENIED**.  Defendant's Motion to Dismiss [2] is **DENIED**.  Defendant's Motion for Transfer of Venue [2] is **GRANTED**. The court will transfer this case to the Central District of California.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 14, 2012